HEARD APRIL TERM, 1879.

CASE No. 729.

JOHN S. BRATTON v. WILLIAM N. GUY AND NEELY SMITH.

1. An action for deficiency in quantity of land, founded upon the usual covenant of warranty in a deed of conveyance executed in 1858, is barred by the statute of limitations in four years.

2. The limitations prescribed in Part 2, Title 2 of the code of procedure, do not apply where the right of action accrued before the adoption of the code; such cases are governed by the statute of limitations of force at the time. It was not the intention of Section 7, Chapter CXLVI., of the General Statutes, to give to actions any new or different period, but simply to declare that they should continue under the operation of the limitations applicable to them in then existing laws.

---

Before ALDRICH, J., at Chester, November, 1878.

This was an action commenced in November, 1875, for breach of warranty contained in deed from J. G. Smith to plaintiff on January 8th, 1858. The alleged breach was a deficiency in the number of acres, and also in a lot at a railroad station. The deficiency was clearly proven. The defendants claimed title under J. G. Smith, exactly how does not appear. The defendants plead the statute of limitations. It appeared in testimony that the defendant, Guy, and one Smith, as executors of J. G. Smith, sued Bratton, the plaintiff here, for balance due on his

bond for purchase money of this land, and recovered a verdict March 15th, 1869. Upon the declaration in that case was endorsed, in the handwriting of the attorney for Guy and Smith, executors, the following: "It is understood that the verdict in this case has been agreed upon without prejudice to the defendant's claim on the warranty." (Signed,) Melton, Hart &. Melton, plaintiffs' attorneys.

At the close of testimony for plaintiff, the defendant moved for a non-suit. The court overruled the motion and defendants excepted. The defendants requested the judge to charge the jury that the action was barred by the statute of limitations, and plaintiff cannot recover. This was refused, and exception taken. The jury found a verdict for plaintiff. Defendants appealed to this court, upon the exceptions taken in the court below.

*Messrs. Patterson & Gaston,* for appellants.

*Mr. S. P. Hamilton,* for respondent.

April 28th, 1879. The opinion of the court was delivered by

WILLARD, C. J. The action was on a covenant of warranty for a deficiency of land existing at the time of conveyance, and the right of action accrued immediately. The then existing statute of limitations barred such an action, unless prosecuted within four years next after the cause of action arose. It is contended, however, that the cause of action was revived by an admission, in writing, made by the present defendant after the time for the prosecution of the action had expired; but it also appears that more than four years elapsed after such alleged admission and before the commencement of the present action. To this it is contended that the period of four years had not expired fully at the time of the adoption of the general statutes, but was then running, and that under the operation of Section 7 of Chapter CXLVI. of the General Statutes, the period of limitations, which was changed from four years to twenty years, as it regards actions on sealed instruments, and from four years to six as it regards actions on contracts not under seal, (*Code,* § 114,) is that prescribed for actions brought under the code. It is contended that if such is

the construction of the general statutes the action was not barred, and there was no error in the ruling of the Circuit judge excluding the defendant from the benefit of such statute of limitation. Section 113 of the code fixes the period of limitation for actions on sealed instruments at twenty years, and on all other contracts, express or implied, at six years. These provisions are subject to the general provisions contained in Sections 96 and 97. Section 96 provides that "the provisions of this title shall not extend to actions already commenced or to cases where the right of action has already accrued, but the statutes now in force shall be applicable to such cases according to the subject of the action and without regard to the form." In the final chapter of the general statutes the following section occurs: (*Gen. Stat.* 767, § 7.) "When a limitation or period of time prescribed in any of the acts repealed for acquiring a right or barring a remedy or any other purpose, has begun to run, and the same or similar limitations is prescribed in the general statutes, the time of limitation shall continue to run and have like effect as if the whole period had begun and ended under the operation of the general statutes." The question is, what time of limitation is here spoken of as continuing to run? certainly the time prescribed by some repealed statute. The effect of the running of such time is assimilated to that of a like or a similar term, commencing and ending under the statute, and, therefore, clearly a time prescribed by a repealed statute must be intended. It is not said that the period of time prescribed by the repealed statute shall be converted into the corresponding period of time provided by the general statutes, which would be necessary to sustain the argument of the plaintiff. On the contrary, the former period, namely, that prescribed by the repealed statute, is to continue to run, and only its effect, when completed, is declared by this section. The expression, "continue to run," shows clearly that that period was to continue to run which was fixed by the repealed statute, and not a period substituted therefor. We are compelled to give this section effect, together with Section 96, and in doing so it is not difficult to conclude that the object of this section was merely to give to the expiration of the period prescribed under a previous statute, and which had commenced to run before the adoption of

the general statutes, the same force and effect as by these statutes is given to the expiration of the period therein fixed in their application to the cases to which they are applicable. The necessity for such a provision is not apparent, but it cannot have the effect claimed for it by the plaintiff, for that would be to repeal Section 96. We must, therefore, conclude that the right of the plaintiff, if he had any, to sue upon the alleged admission, expired in four years after such right accrued and before the commencement of the present action. It was argued that an action of debt on specialty could have been brought on the original covenant of warranty, and that such action could only be barred by presumption of payment before the code, and by lapse of twenty years under the code.

We must assume that the covenant of warranty, which is not set forth in terms, is in the usual form. If so, only unliquidated damages could be claimed under it, and, of course, an action of debt could not be maintained. Besides, it would be a mere evasion of the statute barring actions on covenant in four years. Whether the covenant of warranty might not have existed in a form that would support an action of debt, is not a question here; in the ordinary form, it certainly can have no such effect.

There. must be a new trial.

New trial granted.

McIVER, and HASKELL, A. J.'s, concurred.